JOHN A. HIGGINS *v.* SAMUEL J. KITTRELL.

**Depositions—Exceptions—When to be Made.**
  Exceptions to depositions must be noted and filed before the commencement of the trial.

**Same.**
  Exceptions made before the examiner will not be considered, except so so far as it may affect the competency of the witness, and such exceptions may be made by motion at the trial.

APPEAL FROM FAYETTE CIRCUIT COURT.

January 5, 1872.

OPINION OF THE COURT BY JUDGE PRYOR:

The testimony in this case conduces strongly to show that the appellant was induced to abandon his right to enter upon and take possession of the farm rented of the appellee for the reason that he was unable to work it for the want of hands and the disturbed condition of the country at the time. He obtained possession of some part of the stock, and there is no reason appearing in the record why he did not take possession of the farm except the suggestion already made.

Greenhow, who seems to have cultivated a part of the farm after he understood that the appellant had declined to take pos-

session, says that there was no obstacle in the way of appellant's entering upon the property, and that he, Greenhow, had no right to cultivate the place or to hold the possession, and was induced to assume the control he did, because it was abandoned by every one else.

The court very properly refused to permit the witnesses to speak of the lease, for the reason, that there was no effort on the part of the appellant to procure the lease, or to take the depositions of those who were presumed to know all about it.

The fact that these parties to whom this alleged lease is said to have been made were hostile to the appellant is no reason why he should not have taken their testimony. It is not to be presumed that mere hostility upon the part of a witness to a party litigant would induce him to swear falsely. Greenhow, to whom the lease is said to have been given, swears that he never held, or obtained, such a lease and that he went upon the farm some months after the appellant rented it.

The court also properly excluded from the jury the deed offered in evidence, as there was no proof showing that it embraced the land in controversy, or that the party to whom it was sold was in the possession of the land, or claimed the possession.

Exceptions to depositions must be noted and filed before the commencement of the trial. This is required in order that the adverse party may have notice of the exceptions made. before the examiner will not be considered, except so far as it may affect the competency of the witness, or competency of the testimony, and such an exception may be made at the time the witness is introduced or his deposition offered, or the testimony be excluded on motion.

The instructions given by the court to the jury for the appellant were all more favorable than the law or facts authorized, but as there was some proof showing that the appellant failed to get all the stock he had purchased, and the jury being the sole judges of the facts, we are not inclined to disturb the verdict, although the evidence is very weak upon which the jury saw proper to deprive the appellee of his interest on the note.

The judgment is affirmed upon both the original and cross-appeal.

*Waters, for appellant.*
*Allen & Morton, for appellee.*